JOHN P. REITMAN (SBN 80579)
jreitman@lgbfirm.com
ALEKSANDRA ZIMONJIC (SBN 210252)
azimonjic@lgbfirm.com
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 1460
Los Angeles, CA 90067
Tel: 310.557.0050; Fax: 310.557.0056

Attorneys for Bradley D. Sharp,
Chapter 11 Trustee for the estate of
Estate Financial Mortgage Fund, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ESTATE FINANCIAL MORTGAGE FUND, LLC,<br><br>　　　　　Debtor.<br><br>Bryan Cave LLP<br>　　　　　Appellant<br>　　　v.<br>Bradley D. Sharp, Chapter 11 Trustee for the estate of Estate Financial Mortgage Fund, LLC<br>　　　　　Appellee | District Court Case Number<br><br>2:11-CV-7058-SJO<br><br>Bankruptcy Court Case Number<br><br>9:08-bk-11535-RR<br><br>Adversary Case Number: N/A<br><br>**APPELLEE, BRADLEY D. SHARP, TRUSTEE FOR THE BANKRUPTCY ESTATE OF ESTATE FINANCIAL MORTGAGE FUND, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS APPEAL OF BANKRUPTCY COURT'S ORDER DENYING, WITHOUT PREJUDICE, BRYAN CAVE LLP'S MOTION TO WITHDRAW ITS PROOF OF CLAIM; DECLARATION OF LARRY W. GABRIEL**<br><br>[REQUEST FOR JUDICIAL NOTICE FILED CONCURRENTLY HEREWITH]<br><br>Date:　October 24, 2011<br>Time:　10:00 a.m.<br>Place:　Courtroom 1<br>　　　　312 N. Spring Street<br>　　　　Los Angeles, CA 90012 |

1

**TO THE UNITED STATES DISTRICT COURT AND TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 24, 2011 at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 1 of the United States District Court, Central District of California, located at 312 N. Spring Street, Los Angeles, CA 90012, Appellee Bradley D. Sharp, Chapter 11 Trustee (the "Trustee") of Estate Financial Mortgage Fund, LLC ("EFMF") hereby moves the Court for dismissal of the appeal (the "Appeal") taken by Appellant Bryan Cave, LLP ("Bryan Cave"), without leave, of an interlocutory order (the "Order") entered by the Honorable Robin Riblet of the United States Bankruptcy Court for the Central District of California on August 10, 2011, in Case No: 9:08-bk-11535-RR, entitled *In re Estate Financial Mortgage Fund*. The Order denied, without prejudice, Bryan Cave's motion to withdraw its previously filed proof of claim (Claim No. 21-1) in EFMF's bankruptcy case.

This Notice of Motion and Motion is based upon the grounds that the United States District Court is without jurisdiction to hear the Appeal in that (1) the Order appealed from is not a final judgment, order, or decree; and (2) Bryan Cave failed to obtain leave of this Court to prosecute the Appeal of the Bankruptcy Court's Order in violation of the requirements set forth in 28 U.S.C. § 158(a), Fed.R. Bankr. P. 8003 and Local Rule 3.1 (8003-3.1).

Local Rule 16-12 (e) of the United States District Court for the Central District of California exempts this proceeding from the meet and confer requirements of Local Rule 7-3. Nevertheless, the Trustee's counsel met and conferred with Bryan Cave's counsel regarding the impropriety and prematurity of its appeal, requested that Bryan Cave voluntarily dismiss the appeal, and only filed this Motion when Bryan Cave refused to do so. *See* Declaration of Larry W. Gabriel, ¶ 2.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Larry

W. Gabriel, the Request for Judicial Notice filed concurrently herewith, any supplemental memoranda that may be filed by the parties, all pleadings, records, and papers filed in this action, all matters of which judicial notice may be taken, the argument of counsel, and further evidence as the Court may consider at or before the hearing of this Motion.

Dated: September 16, 2011      LANDAU GOTTFRIED & BERGER LLP
                               JOHN P. REITMAN
                               ALEKSANDRA ZIMONJIC


                               By:  /s/ John P. Reitman
                                    John P. Reitman
                                    Attorneys for Bradley D. Sharp,
                                    Chapter 11 Trustee for the estate of
                                    Estate Financial Mortgage Fund, LLC

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Bryan Cave's appeal of the Bankruptcy Court's interlocutory Order must be dismissed as premature and procedurally improper. The Order denied, without prejudice, Bryan Cave's motion to withdraw its previously filed proof of claim, (the "Proof of Claim") in the bankruptcy case entitled *In re Estate Financial Mortgage Fund, LLC*, Case No: 9:08-bk-11535-RR, (the "EFMF Bankruptcy Case"), pending in the United States Bankruptcy Court for the Central District of California. *See,* Order, Request for Judicial Notice ("RJN"), Exhibit ("Ex.") 1.

The Order was entered without prejudice to the right of Bryan Cave to re-file another motion for withdrawal of the Proof of Claim. In other words, the Bankruptcy Court did not conclusively determine whether Bryan Cave was entitled to withdraw the Proof of Claim, and it retained jurisdiction to resolve the issue at later time. Accordingly, the Order is not a final judgment, order, or decree, appealable as of right, but an interlocutory order that is appealable only if this Court finds that interlocutory review is warranted.

Bryan Cave's attempt to appeal the Order without leave of this Court is improper and should be denied. Bryan Cave is not entitled to bypass the procedure required by 28 U.S.C. §158(a)(1)(3), which requires that an appeal of an interlocutory ruling may be taken only with consent of the district court or appellate panel, as guided by 28 U.S.C. § 1292(b), which governs the review of interlocutory appeals from the district courts. *See, e.g., Leisure Dev. Inc. v. Burke (In re Burke)*, 95 B.R. 716 (9th Cir. BAP 1989).

Under § 1292(b), an interlocutory appeal is allowed only when an "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978) (The party seeking leave to appeal has the burden of

showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.")

In this case, the Court merely denied, without prejudice, the right of Bryan Cave to withdraw its Proof of Claim filed in the EFMF Bankruptcy Case at this point in time. Given that the Order does not involve a controlling question of law as to which there is substantial ground for difference of opinion, nor will an immediate appeal from the Order materially advance the ultimate termination of the litigation, Bryan Cave's appeal should be dismissed, and the Court should not consider it to be a motion to allow an appeal of the Order.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On June 25, 2008, creditors of Estate Financial, Inc. ("EFI"), an entity related to EFMF, filed an involuntary chapter 11 petition against EFI in the United States Bankruptcy Court for the Central District of California, Northern Division (the "Bankruptcy Court"), and EFI's bankruptcy case (the "EFI Bankruptcy Case") was subsequently converted to a voluntary case under chapter 11.

On July 1, 2008 EFI caused EFMF to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. On July 23, 2008, the Court entered its Order Directing the Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)(2). On July 25, 2008, the Office of the United States Trustee appointed Mr. Sharp as the trustee (i.e., the Trustee) for the EFMF Estate.

On March 31, 2010, Bryan Cave filed a proof of claim in the EFMF Bankruptcy Case in the amount of $281,684.25[1]. The Proof of Claim is designated as Claim No. 21-1 in the EFMF Bankruptcy Case. The Proof of Claims seeks to recover fees and costs Bryan Cave allegedly incurred in connection with providing pre-petition legal services to EFMF.

---

[1] Bryan Cave also filed a proof of claim (Claim No. 69-1) in the EFI Bankruptcy Cases in the same amount.

5

On April 28, 2011, the Trustee commenced an adversary proceeding entitled *Sharp v. Bryan Cave* et al., Adversary Case No. 9:11-ap-01146 (the "BC Adversary Proceeding") by filing a complaint against Bryan Cave and Katherine M. Windler, an attorney employed by Bryan Cave. The Trustee's complaint includes claims for professional negligence, breach of contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent deceit by concealment, disallowance of claims and equitable subordination of claims. (BC Adversary Proceeding, ECF Docket No. 1).

On May 2, 2011, five days after the Trustee instituted the BC Adversary Proceeding, Bryan Cave, in violation of Fed.R.Bankr.P. 3006[2], filed its Notice of Withdrawal of the Proof of Claim without filing a motion to withdraw. (EFMF Bk. Case, ECF Docket No. 960). The Trustee objected to Notice of Withdrawal. (EFMF Bk. Case, ECF Docket No. 962).

On June 3, 2011, Bryan Cave filed its motion to withdraw the Proof of Claim (the "Claim Withdrawal Motion"). (EFMF Bk.Case, ECF Docket No. 989). The Trustee filed his objection to the Claim Withdrawal Motion on July 1, 2011 (EFMF Bk. Case, ECF Docket No. 1058). The Bankruptcy Court entered its order denying the Claim Withdrawal Motion without prejudice on August 10, 2011. RJN, Ex. 1.

On August 26, 2011, Bryan Cave filed its Notice of Appeal without first obtaining leave of court to do so, in violation of 28 U.S.C. § 158(a)(1)(3) and Fed.R. Bankr. P. 8003.

## III. STATEMENT OF LAW

Under 28 U.S.C. § 158(a)(1)(3), an appeal of an interlocutory ruling may be taken only with consent of the district court or appellate panel. Neither the Bankruptcy Code nor the Bankruptcy Rules provide standards for when to grant consent, so courts typically look to 28 U.S.C. § 1292(b) which governs the review of interlocutory

---

[2] The rule states: "If after a creditor has filed a proof of claim . . . a complaint is filed against that creditor in an adversary proceeding . . . the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee . . . ." Fed. R. Bankr.P. 3006

appeals from the district courts. *See, e.g., Leisure Dev. Inc. v. Burke (In re Burke)*, 95 B.R. 716 (9th Cir. BAP 1989).

Under § 1292(b), an interlocutory appeal is allowed when an "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The party seeking leave to appeal has the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978).

The Ninth Circuit has taken a "pragmatic" approach in determining finality pursuant to 28 U.S.C.A. § 158(d). *See In re Coupon Clearing Serv., Inc.*, 113 F.3d 1091, 1097 (9th Cir. 1997). Both the District Courts and the Bankruptcy Appellate Panel have also followed this approach in determining their jurisdiction over appeals brought pursuant to 28 U.S.C.A. § 158(a). *See, e.g., Comfinance, S.A. v. Official Comm. of Creditors Holding Unsecured Claims of De Laurentiis Entertainment Group, Inc. (In re De Laurentiis Entertainment Group, Inc.)*, 114 B.R. 694, 695 (C.D. Cal. 1990).

The Ninth Circuit's pragmatic approach to finality of Bankruptcy Court orders "focuses on whether the decision appealed from effectively determined the outcome of the case." *Ernst & Young v. Matsumoto (In re United Ins. Management, Inc.)*, 14 F. 3d 1380, 1383 (9th Cir. 1994) (partial summary judgment held to be a final disposition of all claims asserted in the underlying adversary proceeding). In particular, the Ninth Circuit has held a bankruptcy order is final and appealable as of right where it (1) resolves and seriously affects substantive rights, and (2) finally determines the discrete issue to which it is addressed. *See In re Lewis*, 113 F. 3d 1040, 1043 (9th Cir. 1997).

However, even under this pragmatic approach to finality, an order is not subject to appellate review if "further proceedings in the Bankruptcy Court will affect the

7

scope of the order." *In re Rega Properties*, Ltd., 894 F.2d 1136 (9th Cir. 1190), *cert. denied*, 498 U.S. 898 (1990) (denial of motion to dismiss not final). The Ninth Circuit also has stated that there must be some "clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is concerned, is the end of the case," for the order to be final and appealable. *See In re Brown*, 484 F. 3d 1116, 1122 (9th Cir. 2007). Where that kind of certainty is lacking, a signed minute order has been held not to be a final, appealable order. *Id.*

## IV. DISCUSSION

Bryan Cave's attempt to withdraw the Proof of Claim is but a ruse to divest the Bankruptcy Court of its jurisdiction over the BC Adversary Proceeding against Bryan Cave and its counsel, Katherine M. Windler, and to render any "judicial admissions" included in the Proof of Claim a nullity. *See, e.g. Smith v. Dowden*, 47 F.3d 940 (8th Cir. 1995) (successful withdrawal of creditor's proof of claim pursuant prior to initiation of adversarial proceeding against creditor by trustee renders withdrawn claim nullity for purposes of submission to equitable jurisdiction of Bankruptcy Court); *but see, In re The Academy, Inc.*, 289 B.R. 230 (Bankr. M.D. Fla. 2003) (having consented to jurisdiction of the bankruptcy court by filing their proofs of claim, creditors could not destroy that jurisdiction, and prevent the bankruptcy court from adjudicating debtor's compulsory counterclaims against them simply by withdrawing such proofs of claim); *see also, In re Barrett Refining Corp.*, 221 B.R. 795 (Bankr. W.D. Okla. 1998) (Once the State had waived whatever sovereign immunity it had by filing a proof of claim in debtor's bankruptcy case, it could not undo this waiver of immunity simply by withdrawing its proof of claim.)

The Bankruptcy Court saw through Bryan Cave's ruse, and denied the Claim Withdrawal Motion, but did so without prejudice to the right of Bryan Cave to file a subsequent motion to withdraw the Proof of Claim in the future. The Bankruptcy Court's decision preserved the *status quo* for purposes of the claims adjudication process. Accordingly, there will be further proceedings in the Bankruptcy Court that

will affect the issues raised by the Order. Further, given that the Bankruptcy Court denied the Claim Withdrawal Motion without prejudice, it did not give a "clear and unequivocal manifestation of its belief that the decision made, so far as it is concerned, is the end of the case." *In re Brown*, 484 F.3d 1116, 1122 (9th Cir. 2007). As such, the Order is an interlocutory ruling an appeal of which can only be taken with consent of the district court, as provided in 28 U.S.C. § 158(a)(1)(3) and Fed.R. Bankr. P. 8003. Bryan Cave ignored this requirement, and filed its appeal in violation of the statutory requirement. Accordingly, this Court is without jurisdiction to hear the appeal.

Although the Court may accept the Notice of Appeal as a Motion to for leave to appeal (*see* Fed.R. Bankr. P. 8003(c)), it may only do so if the appeal affects the property rights of the parties, which is simply not the case here. The Trustee submits that it would be inappropriate for the Court to consider the appeal as a motion for appeal, under any circumstances. The Trustee should not have to expend limited assets of EFMF's bankruptcy estate addressing the frivolous appeal taken by Bryan Cave.

## V. CONCLUSION

For all of the foregoing reasons, the Trustee respectfully requests that the Appeal be dismissed.

Dated: September 16, 2011

LANDAU GOTTFRIED & BERGER LLP
JOHN P. REITMAN
ALEKSANDRA ZIMONJIC

By: _____
John P. Reitman
Attorneys for Bradley D. Sharp, Chapter 11
Trustee for the estate of Estate Financial
Mortgage Fund, LLC

# DECLARATION OF LARRY GABRIEL

I, Larry W. Gabriel, hereby declare as follows:

1. I am an attorney at law, duly licensed to practice in the State of California and admitted to practice before this Court. I am "of counsel" to Ezra Brutzkus Gubner, LLP, special litigation counsel to Thomas P. Jeremiassen, the bankruptcy trustee of Estate Financial, Inc. ("EFI") and I am the attorney primarily responsible for that representation. I know the facts declared herein to be true of my own personal knowledge, and if called upon could and would competently testify thereto.

2. On September 9, 2011, I had a telephone conversation with one of the attorneys for Bryan Cave, LLP ("Bryan Cave"), Michael Smith of Gibson Dunn & Crutcher, LLP. During the course of the conversation I advised Mr. Smith that it is the position of Mr. Jeremiassen, as well as the position of Bradley D. Sharp, Chapter 11 Trustee of Estate Financial Mortgage Fund, LLC ("EFMF"), that the appeals being prosecuted by Bryan Cave regarding the Bankruptcy Court's denial of Bryan Cave's motion to withdraw Bryan Cave's proofs of claim filed in the EFI and EFMF bankruptcy cases were taken without leave of court and therefore, were inappropriately filed. I requested Mr. Smith withdraw the appeals so that no further action need be taken by the trustees. Mr. Smith advised that he would discuss the matter with other counsel for Bryan Cave and advise me of their position.

3. On September 10, 2011, I sent an email to Mr. Smith inquiring whether Bryan Cave would withdraw its appeals without the need for the trustees to seek dismissal of the appeals. As of the date of this declaration, neither Mr. Smith, nor anyone else on behalf of Bryan Cave, has responded to my request.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this the 16th day of September, 2011, at Woodland Hills, California.

Larry W. Gabriel